UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------
IN RE:                                  )        CASE NO. 05-34838 (ASD)
                                        )
PAUL D. NEDOVICH,                       )        CHAPTER 7
                                        )
            DEBTOR.                     )        Re: DOC. I.D. NO.  45
---------------------------------------------------------

**BRIEF MEMORANDUM AND ORDER ON MOTION FOR AUTHORITY
TO PAY INTERNAL REVENUE SERVICE**

On September 21, 2005 (hereafter, the "Petition Date"), Paul D. Nedovich, the

Debtor, commenced the instant  bankruptcy case by filing a voluntary petition (hereafter,

the "Petition") under Chapter 7 of the Bankruptcy Code, and Roberta Napolitano (hereafter,

the "Trustee") was appointed as Trustee. The Trustee's Motion for Authority to Pay Internal

Revenue Service (hereafter, the "Motion"), Doc. I.D. No.  45, and the Debtor's Objection

to Trustee's Motion for Authority to Pay Internal Revenue Service (hereafter, the

"Objection"), Doc. I.D. No. 50, came before the Court for a hearing on October 18, 2006.

The following facts are undisputed.

1. On Schedule E (Creditors Holding Unsecured Priority Claims), filed with
the Petition, the Debtor listed the United States Internal Revenue Service
(hereafter, the "IRS") as an unsecured priority creditor of his estate with a
claim of $1.00.

2. On Schedule D ("Secured Creditors") the Debtor listed no creditors holding
secured claims.

3. On Schedule B (Personal Property), Item No. 20, the Debtor listed "Claim
of George MacLauchlan $45.000.00", and on his Statement of Financial
Affairs, ¶ 4, listed a civil law suit, "Nedovich, Paul vs. MacLauchlan", as
"Pending".

4. On Schedule C (Property Claimed as Exempt) the Debtor claimed an

exemption pursuant to Section "522()(5)"[1] in the amount of $10,005.00 in a "Lawsuit Against George MacLauchlan" valued at $45,000.00.

5. Relying on, *inter alia*, the above-referenced Schedules and Statement of Financial Affairs, the Trustee administered the above-referenced claim against George MacLauchlan, ultimately obtaining this Court's approval of a compromise in the amount of $26,000.00. Order Approving Compromise, Doc. I.D. No. 42, dated June 28, 2006, *granting* Trustee's Motion to Approve Compromise, Doc. I.D. No. 32, filed May 26, 2006.[2]

6. On May 30, 2006, the IRS filed a Proof of Claim asserting, *inter alia*, a secured claim in the amount of $45,200.00.

7. Following the IRS's filing of its Proof of Claim the Trustee determined she should not continue to administer this case because its administration would not produce a dividend for unsecured creditors of the estate.

8. The IRS has consented to the payment of the estate's attorney's fees and costs from the secured asset. (Attorney Christopher Molyneux has filed an application for compensation of $8,666.67and for reimbursement of costs of $333.25).

9. The Trustee seeks no compensation in connection with the recovery of $26,000.00 on the claim against MacLuachlan.

Through the Motion the Trustee seeks the authority of this Court to pay the IRS the net amount of the funds she anticipates recovering, or $17,000.08 ($26,000.00 - 8,666.67 - 333.25 = $17,000.08). The Debtor asserts that payment to the IRS "will result in [his] losing his right to an exemption" and that the denial of the Motion will visit "no prejudice to the lien of the IRS". Objection, ¶¶ 6 & 7.

For the following reasons the Motion should be granted. First, the Trustee was

---

[1]Presumably Section 522(d)(5).

[2]It appears that prior to the Petition Date, the Debtor obtained a judgment against George MacLauchlan in the amount of $45,000.00, which MacLauchlan appealed. Incident to an appellate settlement conference the parties settled the matter of for $26,000.00.

justified in relying on the Schedules and Statement of Financial Affairs filed by the Debtor, including Schedule D listing no secured creditors. Similarly, she was justified in initially concluding that her administration of the bankruptcy estate would produce a dividend for unsecured creditors. Accordingly, in pursuing and settling the claim against MacLuachlan, the Trustee did not believe she was then acting on behalf of any secured creditor, but rather, she was motivated to achieve a benefit for the bankruptcy estate.  Second, the Trustee's reliance was based upon representations made by the Debtor in his Schedules and Statement of Financial Affairs. Third, payment to the IRS will not result in the Debtor losing any exemption since he is not entitled to a bankruptcy exemption as against the IRS's claim. Finally, the fact that the IRS's lien on the claim against MacLauchlan would not be  avoided by a denial of the Motion is irrelevant.

Accordingly, the Objection is **OVERRULED** and the Motion is **GRANTED.** The Trustee may pay the sum of $17,000.08 to the United States Treasury, representing payment of the security interest of the IRS in the bankruptcy estate's claim against MacLauchlan, less anticipated fees and costs due Attorney Molyneux, *provided* the Trustee receives the sum of $26,000.00, in good funds, from MacLauchlan in connection with the compromise of the estate's claim against him.

**IT IS SO ORDERED**.

Dated: October 18, 2006                                   BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

3